IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:16-CR-306-D(1) |
| | § | |
| DARYL GLENN PAWLAK, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Daryl Glenn Pawlak ("Pawlak") moves for discovery and production of exculpatory evidence, and, in a related motion, to compel discovery of certain evidence, including the payload or network investigative technique ("NIT"), the exploit relating to the NIT, the server software, and the "unique identifier" generator that were used to identify a computer that accessed the Playpen website, link Pawlak to that computer, and establish an interstate nexus. The government has filed what appears to be a contingent motion for designation of a classified information security officer and for a pretrial conference under the Classified Information Procedures Act ("CIPA"), if the court grants Pawlak's motion to compel. For the reasons that follow, the court grants in part and denies in part Pawlak's motion for discovery, denies his motion to compel discovery, and denies the government's motion without prejudice as moot.

I

The background facts of this case are set out in a prior memorandum opinion and order and need not be repeated at length. *See United States v. Pawlak*, ___ F.Supp.3d ___, 2017 WL 661371, at *1 (N.D. Tex. Feb. 17, 2017) (Fitzwater, J.) ("*Pawlak I*"). Pawlak is charged by superseding indictment with the offenses of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and access with intent to view child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252A(a)(5)(B). The government alleges that Pawlak accessed child pornography via the Playpen website, which existed as a hidden website on the Tor Network.[1] *Pawlak I*, 2017 WL 661371, at *2. It maintains that the Federal Bureau of Investigation ("FBI") used an NIT to send code to Pawlak's computer that caused the computer to send back to the FBI information that identified the computer Pawlak was using to view child pornography on the Playpen website.

Pawlak has filed a motion for discovery and production of exculpatory evidence in which he requests that the government disclose under Fed. R. Crim. P. 16 information related to (1) the source code and programming data concerning the NIT used to access information under the Playpen investigation; (2) a detailed list of all the evidence gathered through the search warrant on case number 1:15-SW-89 that was executed between February 20, 2015 and March 4, 2015; and (3) all the evidence gathered through the search warrant on case number 1:15-SW-89 that was executed between February 20, 2015 and March 4, 2015 that

---

[1]"Tor" refers to The Onion Router, which was originally developed by an entity of the United States Government.

relates to him. Pawlak requests under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), that the government produce (1) information or evidence indicating that he was unaware that the images he purportedly possessed, received, or viewed depicted minors; (2) information or evidence indicating that the images alleged in the indictment[2] or any image to be used as relevant conduct include persons who are in fact not minors; (3) information or evidence indicating that persons other than Pawlak had access to the devices used to download or view images alleged in the indictment or any image to be used as relevant conduct; and (4) any other exculpatory or mitigating information regarding him.

Pawlak has also filed a first motion to compel discovery. In this motion, he moves under Rule 16(d) to compel the government to produce the source code, the payload or NIT, the exploit relating to the NIT, the server software, and the "unique identifier" generator that were used to identify a computer that accessed the Playpen website, link Pawlak to that computer, and establish an interstate nexus.

The government has filed a sealed motion[3] for designation of classified information security officer and for pretrial conference pursuant to the CIPA, which appears to be contingent on the court's granting Pawlak's motion to compel.

---

[2]Pawlak filed this motion before the indictment was superseded.

[3]Although the motion is sealed, the court is not aware of any reason why it cannot refer publicly to the filing of the motion and quote selected passages from the motion. *See infra* note 6.

II

The court turns first to Pawlak's motions. Given their related nature, the court will consider them together.

A

Pawlak seeks disclosure of various types of information under Rule 16, *Brady*, and *Giglio*. He also seeks to compel the government to disclose the source code or programming code, the payload or NIT, the exploit relating to the NIT, the server software, and the "unique identifier" generator that were used to identify a computer that accessed the Playpen website, link Pawlak to that computer, and establish an interstate nexus.

The government responds that, subject to a protective order, it has provided or offered to provide Pawlak, or to his expert witness Dan James, essentially all the discovery that he is requesting, except the exploit. The government opposes disclosing the exploit, contending that Pawlak has not made a prima facie showing of materiality, and, even if he can show materiality, that the exploit is protected from disclosure by the qualified law enforcement privilege.

Pawlak maintains that the government should be compelled to disclose the exploit because, as discussed in the declaration of Vlad Tsyrklevich ("Tsyrklevich"), a security engineer retained by the defense in the case of *United States v. Michaud*, No. 15-CR-5351 (W.D. Wash. Feb. 17, 2016), the exploit holds answers to questions that are material to Pawlak's defense.

B

Turning first to Pawlak's motion for discovery and production of exculpatory evidence, which is based on Rule 16, *Brady*, and *Giglio*, to the extent that Pawlak requests discovery that the government is required to disclose under Rules 16(a)(1)(A)-(D), 12(b)(4), and 26.2, *Brady*, and its progeny, *Giglio*, and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than June 5, 2017.

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which the defendant will begin his cross-examination of the witness.

C

Turning next to Pawlak's motion to compel, the court concludes from its review of the motion and the government's response that the only request still at issue is Pawlak's request for disclosure of the exploit. Except for the exploit, the information that the government has provided or has offered to provide Pawlak is either what he has requested or its equivalent.[4] The court therefore limits its discussion to the question whether the

---

[4]For example, Pawlak asserts that he needs discovery because the only interstate nexus shown in case discovery stems from the fact that images described in the indictment

government should be compelled to disclose the exploit.

1

Under Rule 16(a)(1)(E)(i) and (ii), on a defendant's request, the government must disclose, *inter alia*, certain documents and objects that are "material to preparing the defense" or that "the government intends to use . . . in its case-in-chief at trial[.]" In the context of a criminal case, "[m]ateriality . . . requires 'some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor.'" *United States v. Reeves*, 892 F.2d 1223, 1226 (5th Cir. 1990) (quoting *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975)). "[I]t is incumbent upon a defendant to make a prima facie showing of 'materiality' in order to obtain discovery.'" *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978).

2

The majority of courts that have considered the matter have denied motions to compel the government to disclose the NIT source code used in the Playpen investigation. *See, e.g., United States v. Gaver*, 2017 WL 1134814, at *3-4 (S.D. Ohio Mar. 27, 2017) (collecting cases). This case is no different, because Pawlak has failed to demonstrate that the exploit

---

originally traveled from the Playpen site to the computer purportedly linked to Pawlak through the NIT. The government has disclosed information that, if credited by the jury, establishes the interstate nexus. *See* Gov't Resp. at 7-8 and 11 ("The computers, the Playpen database records, the PCAP data, the user report, the JSON file, the weblogs files, and forensic artifacts contained within the two computers—all of which have been offered to the defense—are some of the evidence tending to show that Pawlak downloaded child pornography in a manner that satisfies the interstate nexus element of his charges.").

is material.[5]

Essentially, Pawlak relies in his motion on conclusory assertions that disclosure of the exploit is material to his defense, which he supports by referencing the testimony of Tsyrklevich, the defense witness in *Michaud*. Pawlak also relies heavily on the decision of the *Michaud* court to order disclosure of the NIT code. But *Michaud* is not binding on this court, and, even if it were, each case turns on an individualized assessment of whether the defendant has made the necessary prima facie showing of materiality. In the present case, Pawlak's conclusory assertions of the need for disclosure of the exploit are amply refuted by the government's detailed explanations for why disclosure of the exploit is unnecessary for any of the reasons on which Pawlak relies. In sum, considering that the exploit was code that circumvented the security features of the Tor browser, thereby enabling the FBI to send the NIT into Pawlak's computer, Pawlak has failed to make a prima facie showing of why disclosure of *how* the NIT instructions gained access to his computer would enable him to significantly alter the quantum of proof in his favor.

Accordingly, the court denies Pawlak's motion to compel because the government has disclosed all requested discovery (or its equivalent) except the exploit, and Pawlak has not made the required prima facie showing that the exploit is material.

---

[5]Because Pawlak has failed to show that the information he seeks is material, the court need not address the government's contention that the law enforcement privilege applies.

III

Because the court has denied Pawlak's motion to compel, it denies without prejudice the government's motion for designation of a classified information security officer and for a pretrial conference under the CIPA as moot.[6]

\* \* \*

Pawlak's motion for discovery is granted in part and denied in part, his motion to compel is denied, and the government's motion for designation of a classified information security officer and for a pretrial conference under the CIPA is denied without prejudice as

---

[6]There is some language in the government's motion that can be read to say that a pretrial conference or appointment of a classified information security officer under CIPA is necessary even if the court denies Pawlak's motion to compel. *See, e.g.*, Gov't Mot. at 5 ("In order to fully articulate the government's reasons for nondisclosure of the requested information, it is necessary for the government to provide classified information to the Court, ex parte and in camera."). But the conclusion to the government's motion appears to assert that these procedures are necessary only if the court orders disclosure of the exploit:

> Based upon the foregoing, in the event that the Court is inclined to believe that the defendant has shown that the exploit is material to the defense, the government respectfully moves for a pretrial conference pursuant to Section 2 of CIPA so that the Court may consider preliminary matters relating to a classified information issue that has arisen in connection with this case. The government also respectfully requests the designation of a Classified Information Security Officer to assist the Court and court personnel in any further matters related to CIPA.

*Id*. at 18. On this basis, the court concludes that the government's motion is moot in light of the court's denial of Pawlak's motion to compel.

moot.

**SO ORDERED**.

May 30, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE